IN THE

## SUPREME COURT

OF THE

## STATE OF LOUISIANA.

————＊————

EASTERN DISTRICT, MARCH TERM, 1829.

————————

*KIRKLAND* vs. *HIS CREDITORS.*

**APPEAL** from the court of the third district.

**MARTIN, J.** delivered the opinion of the court.

Ingram and Crofts filed their opposition to the tableau of distribution. This instrument is subscribed by Andrews, as the attorney of both.

Ingram complained he was placed as a simple creditor, while as joint assignee of Crofts of a mortgage given by the insolvent, he was entitled to a privilege or mortgage.

Crofts complained he was not on the tableau, although he was a creditor *in solido*, with Ingram.

Eastern Dist
*March* 1829

KIRKLAND
*vs.*
His Creditors

An opposition cannot be amended without leave.

Several creditors opposed Ingram's pretensions on several grounds, one of which was that he was not a sole, but a joint assignee of the mortgage with Crofts.

Notice was accordingly given to Ingram of their opposition on the 31st of March, 1828, and on the 19th of July the case was heard and a decree was made, dismissing his claim without noticing Crofts'.

On Ingram's appeal the judgment was affirmed.

In the mean while, on the 18th of April, Crofts filed a separate opposition—urging he was never notified of the filing of the tableau, and the legal notice was not given to the creditors; therefore he was still entitled to his opposition, although ten days had elapsed since the filing of the tableau. He therefore concluded for the amendment of the tableau on a number of grounds.

The counsel for the syndic opposed his application as too tardy; because upwards of twenty days before the date of his last opposition he had filed one to the tableau; and therefore, having stated an objection to the tableau, he could not be heard in his allegation,

that he never had any notice of its being filed, and further, that notice to Ingram his joint creditor *in solido*, was sufficient.

The court was of opinion that the opposition was not offered in time, and dismissed it. He appealed.

Appeárance waves the informality of a citation. The appellant came in voluntarily and prayed to be named as a joint creditor with Ingram. He afterwards filed another opposition. As he did so without leave, it cannot be considered as an amendment of the first opposition, and as an original one it was too late.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Watts* for plaintiff.